IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER R. DESMOND, | § | |
| | § | No. 566, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 91009844DI |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 6, 2016
Decided: March 9, 2017

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

**O R D E R**

This 9th day of March 2017, upon consideration of the appellant's opening brief and the State's motion to affirm, it appears to the Court that:

(1)   The appellant, Christopher R. Desmond, filed this appeal from the Superior Court's order dated November 4, 2016, denying his "motion to vacate." The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Desmond's opening brief that the appeal is without merit. We agree and affirm.

(2)   Desmond was convicted in 1992 of numerous criminal offenses including ten counts of Robbery in the First Degree. His convictions were affirmed

on direct appeal.[1] In the last twenty-three years, Desmond has filed ten unsuccessful motions for postconviction relief under Superior Court Criminal Rule 61. All of the motions were decided by the Trial Judge who presided over Desmond's jury trial in 1992.

(3) This appeal is from the Trial Judge's November 4 order denying Desmond's motion to vacate. In the motion, Desmond sought to vacate the denial of his first or second motions for postconviction relief on the basis that he was denied the right to represent himself at trial. Desmond's self-representation claim has been raised and rejected numerous times, most recently in his appeal from the denial of his seventh motion for postconviction relief.[2]

(4) Although Desmond would have this Court conclude otherwise, Superior Court Criminal Rule 61 provides the exclusive remedy for setting aside a conviction.[3] In this case, Desmond's motion to vacate was his eleventh attempt to seek relief from his 1992 conviction. On appeal, the Court concludes that the motion was subject to summary dismissal because it failed to satisfy the pleading requirements of Rule 61(d)(2).[4]

---

[1] *Desmond v. State*, 654 A.2d 821 (Del. 1994).
[2] *See Desmond v. State*, 2011 WL 4553174 (Del. Oct. 3, 2011) (finding that Desmond raised a self-representation claim in his first four motions for postconviction relief and in unsuccessful federal and state habeas corpus petitions) (citing cases).
[3] Del. Super. Ct. Crim. R. 61(a).
[4] Rule 61(d)(2) provides that a second or subsequent Rule 61 motion shall be summarily dismissed unless the motion pleads with particularity new evidence creating a strong inference of actual innocence or a new, retroactive rule of constitutional law.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice